IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| GABRIEL GALINDO-SERRANO, **Petitioner,** v. UNITED STATES OF AMERICA, **Respondent.** | CRIMINAL NO. 21-1182 (RAM) |

### MEMORANDUM AND ORDER[1]

RAÚL M. ARIAS-MARXUACH, United States District Judge

Pending before the Court is petitioner Gabriel Galindo-Serrano's ("Petitioner") *Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (*the "*§2255 Motion*") and *Motion in Compliance.* (Docket Nos. 2 and 20). For the reasons detailed below, the Court **NOTES** the *Motion in Compliance* **DENIES** the *Motion to Vacate* as untimely.

### I. PROCEDURAL BACKGROUND

A grand jury indicted Petitioner for two separate carjacking offenses. On January 15, 2016, Petitioner was found guilty of two counts of carjacking in violation of 18 U.S.C. §§ 2119(1), and two counts of the use of a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c). On May 31, 2019, Petitioner's judgment was affirmed. The one-year

---

[1] Sayaka Ri, a second-year law student at Harvard Law School, assisted in the preparation of this Opinion and Order.

Case 3:14-cr-00456-RAM   Document 171   Filed 04/10/23   Page 2 of 6
Case 3:21-cv-01182-RAM   Document 27   Filed 04/10/23   Page 2 of 6
Civil No. 21-1182 (RAM)                                              2

limitation period began to run on August 29, 2019, ninety (90) days after this court affirmed Petitioner's judgement.

On April 16, 2021, Petitioner filed the pending *§ 2255 Motion* (Docket No. 1 at 2). His pro-se motion was received more than seven (7) months after the one-year deadline. Petitioner claims that he received ineffective assistance of counsel. Specifically, he claims that his defense counsel: (1) failed to advise of a plea offer; (2) failed to timely file pre-trial motion to suppress evidence; (3) failed to make documents available in Spanish as Spanish is his only language and explain possible jail time; and (4) failed to investigate a witness.

## II. APPLICABLE LAW

28 U.S.C. § 2255(a) provides that:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). Section 2255(f) establishes a one-year period to file a motion requesting relief pursuant to the statute. *See* 28 U.S.C. § 2255(f). This filing period begins to run from the latest of:

Case 3:14-cr-00456-RAM   Document 171   Filed 04/10/23   Page 3 of 6
Case 3:21-cv-01182-RAM   Document 27   Filed 04/10/23   Page 3 of 6
Civil No. 21-1182 (RAM)                                            3

>     **(1) the date on which the judgment of conviction becomes final;**
>
>     (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>     (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>     (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id. (emphasis added)

### III. ANALYSIS

#### A. The Petition is Untimely

As Petitioner admits, his § 2255 petition was entered into the court's criminal docket seven (7) months late. (Docket No. 20 at 2). The one-year limitation period in 28 U.S.C. § 2255(1) began to run after his judgement of conviction became final. His judgement of conviction became final when the time for a petition of certiorari elapsed, which was ninety (90) days from the date on which the court affirmed the defendant's judgment. United States v. Burch, 202 F.3d 1274, 1278 (10th Cir. 2000) (quoting Griffith v. Kentucky, 479 U.S. 314, 320-21 (1987)). Specifically, Petitioner's conviction became final on August 29, 2019, ninety (90) days after the court affirmed his judgement on May 31, 2019. Thus, Petitioner's one-year limitation period expired on August

Case 3:14-cr-00456-RAM   Document 171   Filed 04/10/23   Page 4 of 6
Case 3:21-cv-01182-RAM   Document 27   Filed 04/10/23   Page 4 of 6
Civil No. 21-1182 (RAM)                                              4

29, 2019. Petitioner filed his *§2255 Motion* on April 16, 2021, seven (7) months after the limitation deadline. Petitioner requests that the one-year limitation period be equitably tolled. Id.

### B. Equitable Tolling

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998). The burden is on the petitioner to show "why the circumstances of his case justify equitable tolling of the limitations period." Dixon v. United States, 729 F. App'x 16, 19 (1st Cir. 2018) (quoting Holmes v. Spencer, 685 F.3d 51, 62 (1st Cir. 2012)). To satisfy this burden, the petitioner must show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. (quoting Holland v. Florida, 560 U.S. 631, 649, (2010)).

Petitioner has failed to meet this burden. He has not provided any specifics to evince that he pursued his rights diligently within the one-year limitation period. (Docket No. 20). He has also failed to show that the COVID-19 pandemic was an "extraordinary circumstance" that caused him to file his petition late. Id. Without providing any details, Petitioner claims that he "worked diligently" to file his 2255 petition, but due to the ongoing health emergency of the COVID-19 pandemic which caused the BOP to modify prison operations and prevent movement to the legal library, he failed to meet the deadline.

Case 3:14-cr-00456-RAM   Document 171   Filed 04/10/23   Page 5 of 6
Case 3:21-cv-01182-RAM   Document 27   Filed 04/10/23   Page 5 of 6
Civil No. 21-1182 (RAM)                                          5

(Docket No. 20 at 8). This broad, conclusory argument is insufficient to meet his equitable tolling burden for several reasons.

First, Petitioner fails to provide the dates the BOP prevented movement to the legal library and fails to describe how, specifically, his restricted access to the legal library prevented him from filing his 2255 motion on time. Id. The Fifth Circuit has held that, in some circumstances, lack of access to an adequate prison legal library may warrant equitable tolling of a petitioner's one-year limitations period to file a federal habeas petition. *See* Egerton v. Cockrell, 334 F.3d 433, 438-39 (5th Cir. 2003). However, the petitioner must show that the lack of library access must have "actually prevented [the petitioner] from timely filing [her] habeas petition" for the tolling to be warranted. *See* Krause v. Thaler, 637 F.3d 558, 561 (5th Cir. 2011). *See also* Tate v. Parker, 439 F. App'x 375, 376 (5th Cir. 2011) ("[I]gnorance of the law, lack of knowledge of filing deadlines, a claim of actual innocence, temporary denial of access to research materials or the law library, and inadequacies in the prison law library, are not sufficient to warrant equitable tolling.").

Second, Petitioner has failed to demonstrate how he was diligently pursuing his rights prior to the onset of the COVID-19 pandemic, and how the pandemic interfered with him making a timely filing. Id. Lastly, the existence of the COVID-19 pandemic, alone, does not constitute an "extraordinary

Case 3:14-cr-00456-RAM   Document 171   Filed 04/10/23   Page 6 of 6
Case 3:21-cv-01182-RAM   Document 27   Filed 04/10/23   Page 6 of 6
Civil No. 21-1182 (RAM)                                            6

circumstance" warranting equitable tolling. *See* Sanders v. United States, 2022 WL 4086793, at *3 (N.D. Tex. 2022); *see also* Young v. Mississippi, 2021 WL 4190646, at *5 (S.D. Miss. 2021), rec. adopted 2021 WL 4189634 (S.D. Miss. 2021) (citing United States v. Clay, 2021 WL 2018996, at *3 (S.D. Tex. 2021)).

## IV. CONCLUSION

For the foregoing reasons, Petitioner's *Motion in Compliance* at Docket No. 20 is **NOTED** and his *§ 2255 Motion* at Docket No. 2 is **DENIED** as untimely. No certificate of appealability shall be issued as Petitioner has failed to make a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2). Petitioner may still seek a certificate directly from the United States Court of Appeals for the First Circuit pursuant to Rule 22(b)(1) of the Federal Rules of Appellate Procedure. Judgment of **DISMISSAL WITH PREJUDICE** shall be entered accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 10th day of April 2023.

                                    S/ RAÚL M. ARIAS-MARXUACH
                                    United States District Judge